**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SANTANU DAS, | ) | |
| *Plaintiff*, | ) | No. 22 C 6988 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| TATA CONSULTANCY SERVICES, LTD. and AMIT BAJAJ, | ) | |
| *Defendants*. | ) | |

**OPINION & ORDER**

The Court granted Defendants Tata Consultancy Services, Ltd.'s and Amit Bajaj's motion for summary judgment and fees and entered judgment against Plaintiff Santanu Das on September 30, 2026. (Dkts. 89, 93, 94) ("Order"). In that Order, the Court also ruled on Santanu Das' motion for sanctions. (Dkts. 93 at 1, 16-20); (Dkt. 74). The Court denied Das' motion for sanctions, ruling that it was "absurd if not an outright misrepresentation" to the Court. (Dkt. 93 at 17). Defendants sought their attorneys' fees under 28 U.S.C. § 1927 for being forced to respond to Das' motion for sanctions. (Dkt. 93 at 1, 16-20); (Dkt. 89). Given that Das' motion for sanctions was frivolous, the Court granted Defendants' motion for fee ordering that "Das is ordered to pay Tata $39,622 within two weeks of this Order." (Dkt. 93 at 20).

Das filed a "Rule 60(b)(1) Motion to Vacate, or for an Indicative Ruling Under Fed. R. Civ. P. 62.1 and/or a Stay of Enforcement Pending Appeal Without Bond" on October 30, 2026. (Dkt. 99) ("Motion"). Das asserts that "[t]he Court granted Defendants' motion for fees, but the Court did not impose the resulting award on counsel. It ordered Plaintiff himself to pay it." (*Id.* at 1). Because Das construes the Court's Order as directed at Das—not Das' Counsel—he requests that the Court vacate the fee award against him. (*Id.* at 3).

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). "Under Rule 60(b)(1), a party may seek relief based on 'mistake, inadvertence, surprise, or excusable neglect.'" *Id.* (quoting Fed. R. Civ. P. 60(b)(1)). "The rule is not an alternate route for correcting simple legal errors. Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000) (quoting *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)); *Kemp v. United States*, 596 U.S. at 533 (relief under Rule 60(b) requires "extraordinary circumstances") (quotes omitted).

Das' Motion boils down to semantics and construing the Court's Order in an unreasonable way. Das' entire position hinges on his belief that the Court's Order required Santanu Das—not his attorneys—to pay Tata's fees under 28 U.S.C. § 1927. (Dkt. 99). First, 28 U.S. Code § 1927 applies only to an "attorney or other person admitted to conduct cases in any court of the United States"; the Court's Order was therefore ordering Das' attorneys—Kristin Meridith Case and Kathleen O. Sedey of Case + Sedey, LLC—to pay Tata's fees. 28 U.S. Code § 1927; (Dkt. 93 at 1, 16-20). Second, Court's routinely rely on party shorthand when discussing parties' positions and conduct. In its Order, the Court referred to Plaintiff Santanu Das as "Das," Defendant Tata Consultancy Services, Ltd. as "Tata," and Amit Bajaj as "Bajaj." (*See generally* Dkt. 93). For example, when discussing Das' frivolous motion for sanctions, the Court used language such as this: "Despite seeking extreme case ending sanctions, Das cites but a single non-binding unpublished case that is adverse to his position." (Dkt. 93 at 18). Presumably it was Das' Counsel Kristin Meridith Case and Kathleen O. Sedey of Case + Sedey, LLC who drafted Das' brief, researched his case law, and filed his motion—their name is on the paper pursuant to Rule 11. (Dkt. 79 at 8-9). Any practicing attorney would understand that the Court was referring to Das' legal positions and conduct as presented through his attorneys. The Court was consistent in its usage. When discussing Defendants' motion for fees, it stated that "Tata seeks to recover its attorneys' fees from being forced to respond to Das' Motion for Sanctions." (Dkt. 93 at 19). There was no point to differentiate between, say, "Das filing his motion" or "Das filing his motion through Ms. Case and Ms. Sedey." Yet Das now appears confused how the Court's Order applies. Indeed, when the Court found "Das'" motion for sanctions "frivolous," granted "Tata's" motion for fees under 28 U.S.C. § 1927, and ruled that "Das is ordered to pay Tata $39,622 within two weeks of this Order," Das apparently cannot understand who is to pay. This is codswallop. Ms. Case and Ms. Sedey concede that they understand that "Section 1927 applies to an 'attorney or other person admitted to conduct cases[.]'" (Dkt. 99 at 1). So when the Court Ordered "Das" to pay Tata's fees under Section 1927, the upshot is readily apparent.

Even taking Das' position as true changes nothing. Das is responsible for his attorneys' conduct—"clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993). With few exceptions, the "rule is that *all* of the attorney's misconduct . . . becomes the problem of the client." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009); *Pioneer*, 507 U.S. at 396-97. Das filed a frivolous motion that subjected him to sanctions. (Dkt. 79). Thus, because Das, through his attorneys, violated Section 1927, someone must pay. While Section 1927 only applies to attorneys, the Court is not privy to whatever fee arrangement Das entered into with Ms. Case and Ms. Sedey. Perhaps Das expressly contracted to pay any fees arising from the litigation—thus in effect Das would be paying Ms. Case and Ms. Sedey who would then pay Tata. It makes no difference to the Court. At bottom, Das' Motion reads no better than a delay-seeking "gotcha" that no reasonable attorney would think to file.

Lest there be any ambiguity or doubt, the Court hereby expounds upon its prior Order to provide additional clarity: Plaintiff Santanu Das—through his attorneys Kristin Meridith Case (Bar ID No. 6274676) and Kathleen O. Sedey (Bar ID Number 6300819) of Case + Sedey, LLC—is Ordered to pay Tata's $39,622 in fees. (Dkt. 93). Das' attorneys—Ms. Case and Ms. Sedey—are Ordered to pay this $39,622 in fees because they violated Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 by filing a blatantly frivolous motion for sanctions. (Dkt. 93 at 16-20); (Dkt. 79).

The Motion read like it was poorly generated by AI. (Dkt. 79). It entirely lacked factual and legal support. (*Id.*) The only law presented was a non-binding, unpublished, order adverse to Das' position. (*Id.* at 6). Worse, Das filed the motion—not from any genuine legal position—but to belatedly cure clear discovery failures. (Dkt. 93 at 16-20). It rung of bad faith. To the extent there was any ambiguity in the Court's Order, the Court hereby grants Ms. Case and Ms. Sedey an additional two weeks to pay $39,622 in fees. The Court denies the remainder of Das' Motion as moot. (Dkt. 99).

## **CONCLUSION**

Das' Motion is Denied. (Dkt. 99). Das' attorneys—Ms. Case and Ms. Sedey—shall pay Tata $39,622 within two weeks of the date of this Order. The Court will countenance no further delay.

Virginia M. Kendall
United States District Judge

Date: November 10, 2026